IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:24-CV-99-BO-RN

PHILLIP D. PARKER )
         Plaintiff, )
          )
v. )    O R D E R
          )
CCL METAL SCIENCE, LLC )
formerly RHEINABLEDEN )
AMERICAS, LLC, )
         Defendant. )

This cause comes before the Court on defendant's partial motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has responded, defendant has replied, and a hearing on the motion was held before the undersigned on September 25, 2024, at Raleigh, North Carolina. Also pending is plaintiff's motion to consolidate and correct error in filing, to which defendant has not responded and the time for doing so has expired. In this posture, both motions are ripe for ruling.

## BACKGROUND

Plaintiff, by and through counsel, commenced this action by filing a complaint against defendant on February 12, 2024. [DE 1]. Plaintiff alleges race discrimination and retaliation in employment under Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e, *et seq*. Plaintiff also alleges claims for violation of the First and Fourteenth Amendments. Finally, plaintiff alleges that defendant violated the public policy of the State of North Carolina and the North Carolina Constitution.

Plaintiff, an African American man, alleges that he was employed by defendant as a lead person in the packing department of defendant's manufacturing facility in Clinton, North Carolina. Plaintiff alleges that he was harassed and singled out by his supervisor and others because he is not Hispanic and does not speak Spanish. Plaintiff alleges that his supervisor wanted to "get rid" of Black employees, whom the supervisor portrayed as lazy and untruthful. [DE 1 ¶ 14]. Plaintiff alleges that he complained to the director of operations, the human resources director, the engineer, and the plant manager concerning his supervisor's conduct and harassment. Plaintiff was assured that the harassment would end.

Plaintiff alleges that, a short time after he complained, he was transferred to the Casting Department, with which plaintiff was not familiar. Plaintiff alleges that his former supervisor informed plaintiff's new co-workers in the Casting Department about plaintiff and that the new co-workers would not talk or communicate with plaintiff. Plaintiff further alleges that he did not receive adequate training to allow him to perform his duties in the Casting Department. Plaintiff alleges that he was terminated from his employment on March 1, 2023, for alleged misconduct. Plaintiff alleges that defendant has included false reports in plaintiff's file to support its decision to terminate his employment, and that, although plaintiff complained, defendant permitted discrimination and harassment to continue, creating a hostile work environment for plaintiff and other African American employees. Plaintiff contends that defendants took unlawful action in retaliation against plaintiff for exercising his constitutionally protected rights, including his rights to freedom of speech, freedom of association, and the right to not be discriminated against on the basis of race.

Plaintiff's complaint identifies four claims for relief. The first proceeds under Title VII. The second claim is identified as a First Amendment claim and cites to the First and Fourteenth

Amendments of the United States Constitution as well as the Equal Protection Clause of the Fourteenth Amendment. The third claim for relief is identified as a wrongful discharge claim in violation of North Carolina public policy, citing N.C. Gen. Stat. § 143-422.2. The fourth claim for relief is identified as a second wrongful discharge claim against North Carolina public policy and the North Carolina Constitution, specifically Articles 1, 12, 14, 17, and 19. Plaintiff seeks monetary damages, including front and back pay, as well as reinstatement of his employment and an order enjoining defendant from taking further discriminatory action against him.

## DISCUSSION

Defendant has moved to partially dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (alteration and citation omitted).

Plaintiff concedes that he cannot proceed on claims under the First and Fourteenth Amendments to the United States Constitution and the First Amendment of the North Carolina

Constitution as he has not alleged any state action, and defendant is a private corporation. [DE 17]; *see generally Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 808-09 (2019); *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful'") (citation omitted). Those claims are therefore dismissed. Insofar has plaintiff has not conceded the issue, plaintiff's claim for violation of public policy premised on the North Carolina Constitution is dismissed for the same reasons that his claims under the United States Constitution are dismissed. *Corum v. Univ. of N.C.*, 330 N.C. 761, 787-88 (1992).

Defendant has also moved to dismiss any claim of Title VII retaliation alleged by plaintiff. Plaintiff opposes dismissal of his retaliation claim. It is unlawful for a covered employer to discriminate against an employee "because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a). The statute thus protects "two categories of activity: (1) opposing a practice forbidden by Title VII; and (2) participating in a Title VII investigation or proceeding." *Cosby v. S.C. Prob., Parole & Pardon Servs.*, 93 F.4th 707, 718 (4th Cir. 2024). To establish a prima facie claim of Title VII retaliation, a plaintiff must establish that (1) he engaged in protected activity, (2) the employer took adverse action against him, and (3) a causal connection exists between the protected activity and adverse action. *Id.* While a plaintiff alleging employment discrimination does not need to plead facts which would establish a prima facie case to survive a motion to dismiss, he must "allege facts to satisfy the elements of a cause of action created by [the] statute." *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th

Cir. 2015). Additionally, "reference to the elements of a claim is helpful to gauge the sufficiency of the allegations." *Gaines v. Balt. Police Dep't*, 657 F.Supp.3d 708, 734 (D. Md. 2023).

Plaintiff references retaliation in his complaint when identifying the Court's jurisdiction, in support of his first claim for relief (ie: his Title VII claim), and in support of his First Amendment claim. [DE 1 ¶¶ 1, 45, 49, 51]. Plaintiff also alleges that he complained to the human resources director, the plant manager, and others "concerning [his supervisor's] conduct and harassment of the Plaintiff[.]" *Id.* ¶ 17; *see also id.* ¶ 21. Plaintiff also alleges that, shortly after complaining about his supervisor, plaintiff was transferred to a different department and was written up. *Id.* ¶¶ 19; 33.

Though the allegations supporting a retaliation claim are spare, the Court finds that, viewing the facts in the light most favorable to plaintiff, plaintiff has sufficiently alleged a claim for retaliation in violation of Title VII. Plaintiff's allegations support the inference that he complained to management about his supervisor's conduct, which the remaining allegations detail as discriminatory based on plaintiff's race and color. Plaintiff has also alleged that he suffered adverse action soon after lodging his complaints about his supervisor. At bottom, plaintiff has "nudged [his] claim[] across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570, and the Court will not dismiss plaintiff's Title VII retaliation claim at this early stage of the proceeding. To the extent that plaintiff, in his opposition to the motion to dismiss, contends he has stated a plausible claim for national origin discrimination, the facts in the complaint fail to support such a claim.

Also pending is plaintiff's motion to consolidate and correct error in filing, relating to case No. 7:24-CV-101-FL. The presiding judge in case No. 7:24-CV-101-FL has dismissed that action

to promote the efficiencies in case management sought by plaintiff through the instant motion. Plaintiff's motion to consolidate and correct error in filing in this case is therefore denied as moot.

## CONCLUSION

Accordingly, for the foregoing reasons, defendant's partial motion to dismiss [DE 9] is GRANTED IN PART and DENIED IN PART. Plaintiff's claims under the United States Constitution, 42 U.S.C. § 1983, and North Carolina Constitution are DISMISSED. Plaintiff's claims under Title VII for race and color discrimination and retaliation and his claim for wrongful discharge in violation of public policy under N.C. Gen. Stat. § 143-422.2 will proceed. Plaintiff's motion to consolidate and correct error in filing [DE 14] is DENIED AS MOOT.

SO ORDERED, this 25 day of October 2024.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE